**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF NEW YORK**

CARLOS PETERSON

                              Plaintiff,

                                                                 8:12-CV-1873
    v.                                                              (GLS/CFH)

NEW YORK STATE COURT OF APPEALS,

                              Defendant.

APPEARANCES

CARLOS PETERSON
08-B-3052
Clinton Correctional Facility
Post Office Box 2002
Dannemora, New York 12929

CHRISTIAN F. HUMMEL
U.S. Magistrate Judge

## REPORT-RECOMMENDATION AND ORDER

### I. Background

Presently before this Court is an application to proceed <u>in forma pauperis</u> and a civil rights complaint filed by Carlos Peterson ("Peterson"). Peterson has not paid any fee relating to this action. Dkt. Nos. 1 & 2.

Peterson brings this action regarding his filing of various appeals in the New York Court of Appeals. Compl. (Dkt. No. 1). Liberally construing Peterson complaint, it alleges that the defendant New York Court of Appeals has intentionally lost Peterson's appellate filings in furtherance of a conspiracy to prevent him from exercising his constitutional rights. <u>Id.</u> Specifically, Peterson states that the cases which he previously appealed are no longer on

file with the Court of Appeals and their whereabouts are now unknown. Id.

## II.  Initial Screening

The Court has reviewed Peterson's in forma pauperis application. See Dkt. No. 2. Because Peterson sets forth sufficient economic need, the Court finds that Peterson qualifies to proceed in forma pauperis.

Having found that Peterson meets the financial criteria for commencing this case in forma pauperis, the Court must now consider the sufficiency of the allegations set forth in the complaint in light of 28 U.S.C. §§ 1915(e) and 1915A. Section 1915(e) of Title 28 of the United States Code directs that, when a plaintiff seeks to proceed in forma pauperis, "(2) . . . the court shall dismiss the case at any time if the court determines that – . . . (B) the action . . . (i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2). Thus, even if a plaintiff meets the financial criteria to commence an action in forma pauperis, it is this Court's responsibility to determine whether the plaintiff may properly maintain the complaint that he filed in this District before the court may permit the plaintiff to proceed with this action in forma pauperis. See id.

Likewise, under 28 U.S.C. § 1915A, a court must review any "complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity" and must "identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint . . . is frivolous, malicious, or fails to state a claim upon which relief may be granted; or . . . seeks monetary relief from a defendant who is immune from such relief." 28 U.S.C. § 1915A(b); see also Carr v. Dvorin, 171 F.3d 115, 116

2

(2d Cir. 1999) (per curiam) (Section 1915A applies to all actions brought by prisoners against government officials even when plaintiff paid the filing fee); Abbas v. Dixon, 480 F.3d 636, 639 (2d Cir. 2007) (stating that both sections 1915 and 1915A are available to evaluate prisoner pro se complaints).

### A. Defendant New York Court of Appeals

Peterson's complaint names the New York State Court of Appeals as the defendant. However, naming such a defendant fails for multiple reasons.

### 1. Eleventh Amendment

The Eleventh Amendment provides that "[t]he Judicial power of the United States shall not be construed to extend to any suit in law or equity, commenced or prosecuted against one of the United States by Citizens of another State, or by Citizens or Subjects of any Foreign State." U.S. Const. amend. XI. "[D]espite the limited terms of the Eleventh Amendment, a federal court [cannot] entertain a suit brought by a citizen against his [or her] own State." Pennhurst State Sch. & Hosp. v. Halderman, 465 U.S. 89, 98 (1984) (citing Hans v. Louisiana, 134 U.S. 1, 21 (1890)). Regardless of the nature of the relief sought, in the absence of the State's consent or waiver of immunity, a suit against the State or one of its agencies or departments is proscribed by the Eleventh Amendment. Halderman, 465 U.S. at 100. "New York State has not consented to suit in federal court." Abrahams v. Appellate Div. of Supreme Court, 473 F. Supp. 2d 550, 556 (S.D.N.Y. 2007) (citing Trotman v. Palisades Interstate Parke Comm'n, 557 F.2d 35, 38-40 (2d. Cir. 1977). Section 1983 claims do not abrogate the Eleventh Amendment immunity of the states. See Quern v. Jordan, 440 U.S.

332, 340-41 (1979).

Peterson has explicitly named the New York State Court of Appeals as the sole defendant. However, "[a] suit against a state court . . . is considered to be a suit against the state, and is therefore also prohibited by the Eleventh Amendment." Abrahams, 473 F. Supp. 2d at 556 (citing Mathis v. Clerk of First Dept., Appellate Div., 631 F. Supp. 232, 234-35 (S.D.N.Y. 1986)). Accordingly, defendant New York Court of Appeals should be dismissed from the suit because the Eleventh Amendment shields it from liability.

## 2. Section 1983

An action commenced pursuant to 42 U.S.C. § 1983 requires proof of the "deprivation of any right[], privilege[], or immunit[y] secured by the Constitution" or laws of the federal government. 42 U.S.C. § 1983. Thus, no action lies under § 1983 unless a plaintiff has asserted the violation of a federal right. See Middlesex County Sewerage Auth. v. Nat'l Sea Clammers Ass'n, 453 U.S. 1, 19 (1981). "[T]o state a claim under § 1983, a plaintiff must allege (1) that the challenged conduct was attributable at least in part to a person acting under color of state law, and (2) that such conduct deprived the plaintiff of a right, privilege, or immunity secured by the Constitution or laws of the United States." Dwares v. City of New York, 985 F.2d 94, 98 (2d Cir. 1993) (citations omitted); see also Scaccia v. Stamp, 700 F. Supp. 2d 219, 235 (N.D.N.Y. 2010) (citations omitted)

Peterson's complaint also fails because, "as a part of the judicial arm of the State of New York, [the Court of Appeals is] . . . also not . . . a 'person' within the purview of the section of the Civil Rights Act." Zuckerman v. Appellate Div., Second Dept., Supreme Court of State of N.Y., 421 F.2d 625, 626 (2d Cir. 1970); see also Mathis, 631 F. Supp. 2d at 235

4

(holding that suit against a state court is barred because the court is neither a person under § 1983 and is also immune pursuant to the Eleventh Amendment).

Furthermore, defendant New York Court of Appeals should be dismissed from the suit because it is not a person as required to state a § 1983 claim.

### B. The Judges Who Compose the New York State Court of Appeals

Peterson does not name the individual judges from the New York State Court of Appeals as defendants in his complaint and has not sought leave to amend his complaint to add each as individual actors. Even if an amended complaint was filed naming such judges, it would be futile.[1] It is well-established that "[j]udges enjoy absolute immunity from personal liability for 'acts committed within their judicial jurisdiction.'" See Young v. Selsky, 41 F.3d 47, 51 (2d Cir. 1994) (quoting Pierson v. Ray, 386 U.S. 547 (1967)). "The absolute immunity of a judge applies however erroneous the act may have been, and however injurious in its consequences it may have proved to the plaintiff." See Young, 41 F.3d at 51 (citation and internal quotations omitted).[2] Accordingly, to the extent that the complaint could be amended to include the individual judges, such an amendment would be futile as the judges would be

---

[1] Rule 15(a) provides that a court should grant leave to amend "freely . . . when justice so requires." However, where it appears that granting a leave to amend is unlikely to be productive or the amendment is futile, it is not an abuse of discretion to deny leave to amend. Ruffolo v. Oppenheimer & Co., 987 F.2d 129, 131 (2d Cir. 1993) (citations omitted).

[2] Judicial immunity is only abrogated by two limited set of circumstances whereupon the judge is being sued for actions which did not occur within his or her judicial capacity or the actions were taken despite a complete absence of jurisdiction. Mireles v. Waco, 502 U.S. 9, 11-12 (1991). Neither of those situations are alleged here as the actions occurred while the Court of Appeals was contemplating Peterson's appeals over which it had appropriate jurisdiction.

dismissed from this action with prejudice because they have absolute immunity from liability in this Section 1983 action.

### C. Conspiracy

Peterson alleges that the individual judges who compose the New York Court of Appeals conspired together to violate his constitutional rights.

"Section 1985 prohibits conspiracies to interfere with civil rights." Davila v. Secure Pharmacy Plus, 329 F. Supp. 2d 311, 316 (D. Conn. 2004). To state a claim for relief under § 1985(3), a plaintiff must show:

> (1) a conspiracy; (2) for the purpose of depriving, either directly or indirectly, any person or class of persons of the equal protection of the laws, or of equal privileges and immunities under the laws; and (3) an act in furtherance of the conspiracy; (4) whereby a person is either injured in his person or property or deprived of any right of a citizen of the United States.

United Bhd. of Carpenters & Joiners of Am., Local 610 v. Scott, 463 U.S. 825, 828-29 (1983); see also Iqbal v. Hasty, 490 F.3d 143, 176 (2d Cir. 2007). An agreement must be alleged with specificity as bare allegations of a conspiracy supported only by allegations of conduct easily explained as individual action is insufficient. See Iqbal, 490 F.3d at 177; see also Gyadu v. Hartford Ins. Co., 197 F.3d 590, 591 (2d Cir.1999). Thus, Peterson must "make an effort to provide some details of time and place and the alleged effects of the conspiracy . . . [including] facts to demonstrate that the defendants entered into an agreement, express or tacit, to achieve the unlawful end." Warren v. Fischl, 33 F. Supp. 2d 171, 177 (E.D.N.Y. 1999) (citations omitted). While exact specifics are not required, "the pleadings must present facts tending to show agreement and concerted action." Anilao v. Spota, 774 F. Supp. 2d

6

457, 512-13 (E.D.N.Y. 2011) (citations omitted).  Conclusory, vague, and general allegations are insufficient to support a conspiracy claim.  Warren, 33 F. Supp. 2d at 177 (citations omitted).

Peterson alleges a general conspiracy between the unnamed judges employed at the New York Court of Appeals.  These claims are conclusory and fail to establish how, when or why these judges colluded and formed these alleged schemes.  While specifics are unnecessary, Peterson fails to provide any plausible information which would lend credence to his claims of an explicit or implicit agreement between any or all of these unnamed third parties.  As such, these claims are insufficient.  See X-Men Sec., Inc. v. Pataki, 196 F.3d 56, 71 (2d Cir. 1999).

### III.  CONCLUSION

Accordingly, for the above-stated reasons, the Court hereby

**RECOMMENDED** that plaintiff Peterson's complaint be **DISMISSED** as to all claims and all defendants; and it is further

**ORDERED** that although plaintiff Peterson qualifies to proceed in forma pauperis, his application is **DENIED** as moot in light of the Court's recommendation that this action be dismissed; and it is further

**ORDERED** that the Clerk of the Court shall serve a copy of this Report-Recommendation and Order on Peterson by regular mail.

Pursuant to 28 U.S.C. § 636(b)(1), the parties may lodge written objections to the foregoing report.  Such objections shall be filed with the Clerk of the Court.  **FAILURE TO**

7

**OBJECT TO THIS REPORT WITHIN FOURTEEN DAYS WILL PRECLUDE APPELLATE REVIEW.** Roldan v. Racette, 984 F.2d 85, 89 (2d Cir. 1993); Small v. Sec'y of HHS, 892 F.2d 15 (2d Cir. 1989); 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72, 6(a), 6(e).

**IT IS SO ORDERED.**

Dated: December 27, 2012
       Albany, New York

Christian F. Hummel
U.S. Magistrate Judge